UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23227-BLOOM/Otazo-Reyes

1872 HOLDINGS INTERNATIONAL, LLC,

    Plaintiff,

v.

ZAMORA COMPANY GLOBAL, S.L.U.,

    Defendant.
_____/

**ORDER ON RENEWED MOTION TO STRIKE
(THIRD) "AMENDED AFFIRMATIVE DEFENSES"**

**THIS CAUSE** upon Plaintiff 1872 Holdings International, LLC's ("Plaintiff") Renewed Motion to Strike (Third) "Amended Affirmative Defenses," ECF No. [51] ("Motion"). Defendant Zamora Company Global, S.L.U. ("Defendant" or "Global") filed a Response, ECF No. [56], to which Plaintiff filed a Reply, ECF No. [57]. The Court has carefully considered the parties' submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

This case arises from an agreement between Plaintiff and Defendant with respect to the distribution of Plaintiff's line of premium Dominican rums in Spain. *See generally*, ECF No. [44]. As a result of Defendant's breaches of the agreement, Plaintiff asserts claims for specific performance (Count I), breach of contract (Counts II and III), and breach of implied covenant of good faith and fair dealing (Count IV).

Defendant filed its Answer, Affirmative Defenses, and Amended Counterclaims, in which Defendant asserts counterclaims against Plaintiff for breach of contract, specific performance, and

anticipatory breach. *See* ECF No. [47].

At issue in the Motion are the two affirmative defenses asserted by Defendant—failure to state a claim and unclean hands—which Plaintiff requests that the Court strike.

## II. LEGAL STANDARD

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (internal citations omitted); *see also Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988). Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM/Valle, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*,

No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. DISCUSSION

#### A. First Affirmative Defense

The First Affirmative Defense states that "The Complaint fails to state a claim upon which relief can be granted." *Id*. at 11. Plaintiff moves to strike the First Affirmative Defense on the basis that it is not a defense. In response, Defendant argues that the Court should treat the First Affirmative Defense as a denial.

Upon review, the Court declines to exercise its discretion to strike the First Affirmative Defense, because it is a denial of Plaintiff's claims. Therefore, the Court will treat it as a denial. *See Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484-BLOOM/Valle, 2015 WL 11216747, at *4 (S.D. Fla. Jan. 27, 2015) (treating failure to state a claim defense as a denial); *Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2018 ) (same); *see also* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert [failure to state a claim upon which relief can be granted] by motion[.]"). Here, the First Affirmative Defense is a specific denial of the claims asserted by Plaintiff, and therefore, the Court will not strike it.

#### B. Second Affirmative Defense

The Second Affirmative Defense states that

> The Complaint is barred, in whole or in part, by the doctrine of unclean hands. In particular, 1872 is in default under the Agreement for its failure to fulfill Purchase Orders, and 1872 has breached the covenant of good faith and fair dealing by intentionally preventing Zamora from achieving sales incentive bonuses.

3

*Id*.

Plaintiff moves to strike the Second Affirmative Defense on the basis that it is clearly invalid as a matter of law. Specifically, Plaintiff argues that unclean hands is an equitable defense that does not apply to Plaintiff's claims because, as asserted, it is premised upon an alleged breach of the express and implied terms of the parties' agreement. Defendant argues that there is no authority to support the proposition that Defendant cannot assert an affirmative defense with allegations that overlap with its counterclaims.

Upon review, while the Court does not necessarily agree with Defendant's characterization of Plaintiff's proposition, Plaintiff fails to set forth a sufficient basis to warrant the drastic remedy of striking. Indeed, "the standard for striking a defense is extremely high." *Gen. Defense Corp. v. Restorick*, No. 08-60537-CIV-JORDAN, 2008 WL 11417688, at *2 (S.D. Fla. Nov. 3, 2008) (citation omitted). Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing *Augustus*, 306 F.2d at 868)). Here, the Second Affirmative Defense asserts Defendant's position that Plaintiff breached the contract, which would presumably justify or excuse Defendant's alleged breaches. The Court thus cannot say that the allegations have no possible relation to the controversy, and Plaintiff does not assert, nor can the Court discern, any prejudice to Plaintiff.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [51]**, is **DENIED**.

Case No. 21-cv-23227-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 23, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record